PER CURIAM
The Office of Disciplinary Counsel ("ODC") seeks review of an order of the disciplinary board that the formal charges against respondent, John N. Bokenfohr, be dismissed.
Briefly stated, this case involves the obligations of an attorney who learns his client has failed to produce evidence in response to a search warrant in an ongoing criminal investigation. Upon learning the evidence was in his client's possession, respondent counseled his client on several occasions to turn the evidence over to the authorities. Respondent also informed his client that he was likely to be charged with obstruction of justice. Respondent was ultimately successful in persuading his client to allow him to release the evidence to the authorities; however, this release occurred approximately three months after respondent learned of the existence of the evidence, during which time respondent had an expert retrieve, preserve, and copy the evidence.
After a formal hearing, the hearing committee made a finding that respondent was credible when he testified that he knew he would be bound to inform the court and the prosecutor of the existence of the evidence if he could not convince his client to turn over the evidence. The committee also accepted respondent's testimony that he always believed his client would comply *874 with his legal advice, which the client ultimately did. Based on these findings, the committee recommended the charges be dismissed. The disciplinary board found no manifest error in the committee's findings and also recommended the charges be dismissed.
In its argument to this court, the ODC focuses on the three-month period between the time respondent learned of the evidence and ultimately released it to the authorities. The ODC argues respondent took no action whatsoever to force his client to release the evidence sooner. The ODC contends respondent should have advised his client that he (respondent) would be compelled, as an officer of the court, to go to the authorities if the client did not turn over the evidence. According to the ODC, the delay in production created a possibility that the evidence might be damaged or lost and potentially impaired the prosecution.
The primary provision of the Rules of Professional Conduct at issue in this case is Rule 3.3(b), which provides:
A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. [emphasis added].
As the board observed, this rule does not contain any temporal elements, but instead focuses on the reasonableness of the remedial measures taken by the lawyer. The hearing committee made a factual finding that respondent's actions were reasonable under the circumstances presented.
Based on our review of the record, we cannot say the hearing committee's factual findings, which were based on credibility determinations, are clearly wrong. In reaching this conclusion, we make it clear that the determination of whether a lawyer has fulfilled the duties imposed under Rule 3.3(b) will turn on the specific facts presented in each individual case, and our ruling today should not be considered as standing for any proposition beyond the stated holding. We caution members of the bar to be very sensitive to their obligations under this rule, as any breach of these duties can have significant adverse impacts on the administration of justice. However, under the specific facts of the case presented, we find the board correctly concluded respondent did not breach his ethical obligations.
DECREE
For the reasons assigned, it is ordered that the formal charges against respondent be and hereby are dismissed.
FORMAL CHARGES DISMISSED.
CRICHTON, J., additionally concurs and assigns reasons:
The ODC has essentially asked this Court to impose a standard - a temporal element - for disclosure under Rule 3.3(b) that is broader than Respondent's obligations under the mandates of discovery statutes and the trial judge's discovery orders. I find this approach substantially similar to ODC's recent position in In re: Seastrunk , 17-0178 (La. 10/18/17), 236 So.3d 509. Specifically, Seastrunk presented the question of whether Rule 3.8(d) (the prosecutor in a criminal case shall make timely disclosure to the defense of all evidence or information known to the prosecutor that the prosecutor knows, or reasonably should know, either tends to negate the guilt of the accused or mitigates the offense) of the Rules of Professional Conduct was broader than, or co-extensive with, *875 Brady v. Maryland , 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This Court ultimately held that they are co-extensive so as to not impose inconsistent disclosure obligations upon prosecutors.
Here, Respondent has argued that to hold that a criminal defense lawyer's disclosure obligations under Rule 3.3(b) are broader than those found in the Code of Criminal Procedure or broader than those ordered by the judge's discovery deadline, would cause the very confusion with which the Court was concerned in Seastrunk . I agree. Whether Rule 3.8(d) is at issue, as in Seastrunk , or Rule 3.3(b), as here, the application of the Rule should be as written. To do otherwise leads to confusion in the practice and, more importantly in this case, an injustice to Respondent.
GENOVESE, J., concurs for the reasons assigned by Justice Crichton